W. H. HARROD v. THE STATE.

No. 14585. Delivered February 10, 1932.

The opinion states the case.

*Oxford & McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for two years and six months.

From the state's testimony the following in substance appears: Harrod, his wife, and one Fitzpatrick, were in an automobile on the public road and were arrested with whisky in their car. Without reciting the state's testimony, it is sufficient to support the verdict of the jury. Evidence was introduced to the effect that the whisky in question was for medicinal purposes for the appellant and his wife. This defensive theory was also supported by a physician.

An application for a continuance was made and overruled. The absent witness was H. W. Fitzpatrick. His testimony would have been in substance as follows: While repairing a flat tire a man appeared who sold the appellant a gallon of whisky, which at the time the appellant stated was for medicinal purposes for himself and his wife. When the officers appeared, appellant stated that they were high-jackers and quickened the speed of his automobile. He was pursued by the officers, and in the pursuit the jars were accidentally broken due to the roughnss of the road. When appellant realized that his pursuers were officers, he surrendered.

In behalf of the state, the flight of the appellant was attributed to guilty knowledge. The presence of the broken jars and whisky in his car indicated an attempt to suppress the evidence. Fitzpatrick's testimony was relevant and material to meet the contention of the state on the points mentioned, and also as to the manner and purpose of the acquisition of the whisky.

From the bill of exception and the application for a continuance, it is made to appear that appellant used sufficient diligence in causing process to issue for the witnesses, including Fitzpatrick, who at the time was at his home in Hico, Hamilton county, Texas. Subpoena was promptly placed in the hands of the sheriff and returned the following day showing service upon the said Fitzpatrick. When the case was called for

trial, Fitzpatrick did not appear, and the appellant then, for the first time, was advised by the sheriff that his return showing service on Fitzpatrick was a mistake. In the motion for new trial, the overruling of the motion for a continuance was made the subject of complaint. Attached to the motion was the affidavit of Fitzpatrick explaining his absence and confirming the averments in the application touching his testimony.

Regarding the diligence to secure the witness Fitzpatrick adequate and the testimony material, we are constrained to consider the action of the trial court in overruling the motion such error as requires a reversal of the judgment.

The judgment and reversed and the cause remanded.

*Reversed and remanded.*